UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 10-35-SDD-RLB |
| LAWRENCE JOSEPH CRANDLE, JR. | |

## RULING

This matter is before the Court on the *Emergency Motion for Compassionate Release*[1] filed by Defendant, Lawrence Joseph Crandle, Jr. ("Crandle"). The Government opposes this motion.[2] For the following reasons, the motion is denied.

### I. BACKGROUND

Crandle is currently incarcerated at the Federal Medical Center at Ft. Worth, Texas ("FMC Ft. Worth") as a result of his guilty pleas to possession with intent to distribute 50 grams or more of crack and possession of a firearm in furtherance of a drug trafficking crime. His release date is December 10, 2022.[3] Crandle's convictions arose out of a domestic violence incident that occurred several years ago. Deputies responded to several 911 calls in which a woman was heard screaming in the background, but the caller was silent.[4] Upon arrival at the scene, deputies heard a woman, later determined to be Crandle's girlfriend, screaming inside a home.[5] Crandle emerged from the home

---

[1] Rec. Doc. Nos. 171 & 175.
[2] Rec. Doc. No. 176.
[3] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited April 29, 2020).
[4] PSR, Rec. Doc. No. 27, ¶ 11.
[5] *Id.* at ¶¶ 11, 14.

Document Number: 60201

and, resisting the deputies' attempts to stop him, got in a truck and drove away.[6] With the deputies in pursuit, Crandle eventually lost control of his vehicle and ran into a ditch.[7] Crandle, a convicted felon, got out of the truck and continued to flee on foot while carrying a bag and a shotgun.[8] The deputies captured Crandle only after he tripped, and, even then, he refused to submit to the deputies' authority and had to be tazed.[9] The bag Crandle was carrying was found to contain marijuana and almost 100 grams of crack.[10] When Crandle's girlfriend was interviewed by deputies, she had a black eye from a previous incident.[11]

Crandle was charged with possession of marijuana and 50 grams or more of crack, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon; he was also charged in the same indictment with drug charges related to two other incidents.[12] In one of the incidents, deputies found Crandle in possession of crack, marijuana, and PCP after he fled from deputies during an investigative stop.[13] In the other incident, Crandle sold crack to a cooperating source.[14]

Crandle's PSR reported a significant criminal history, including convictions for distribution of cocaine, assault and resisting an officer, simple battery (on a female victim), and battery of a police officer.[15] With a total offense level of 29 for the drug charge and a criminal history category of IV, Crandle's recommended guidelines range

---

[6] *Id.* at ¶11.
[7] *Id.*
[8] *Id.* at ¶¶ 11, 45.
[9] *Id.* at ¶11.
[10] *Id.* at ¶¶ 11, 13.
[11] *Id.* at ¶14.
[12] Rec. Doc. No. 1.
[13] PSR at ¶¶ 9 & 10.
[14] *Id.* at ¶¶ 15-18.
[15] *Id.* at ¶¶ 44-61.

Document Number: 60201

for the drug charge was 121-151 months, with a mandatory consecutive term of 60 months for the gun charge.[16] Crandle was sentenced to 197 months imprisonment,[17] which was later reduced to 175 months after the crack guidelines were retroactively reduced.[18]

## II.   ARGUMENTS

Crandle now moves this Court pursuant to 18 USC § 3582(c) for compassionate release.  Crandle seeks to be released from custody to home confinement on the basis that his brother, who is employed but "struggling," needs Crandle's assistance in caring for their elderly, ailing parents.[19]  Crandle contends he submitted a request to the warden for his compassionate release on April 6, 2020, and, as of the date of his supplemental filing, April 28, 2020, he has received no response.[20]  Crandle contends his parents are suffering from serious medical conditions and unable to care for themselves.[21]  Further, Crandle writes that his "one responsible brother," Raynard Crandle, "is struggling between his employment and taking care of their elderly parents."[22]  If released, Crandle advises the Court that he will live with his brother and work at Georgia Gulf.[23]

The Government opposes Crandle's motion on several grounds.  First, the Government contends Crandle has failed to exhaust his administrative remedies as required by the First Step Act.  Second, Crandle's circumstances do not constitute an extraordinary and compelling reason for compassionate release.  Third, consideration

---

[16] *Id.* at ¶73.
[17] Rec. Doc. No. 81.
[18] Rec. Doc. No. 157.
[19] Rec. Doc. No. 171.
[20] Rec. Doc. No. 175.
[21] Rec. Doc. No. 171, pp. 1-2.
[22] *Id.* at p. 1.
[23] *Id.* at pp. 2-3.

Document Number: 60201

of the 18 U.S.C. § 3553(a) factors requires the Court's denial of Crandle's motion.

The Court now turns to the law applicable herein.

## III.   LAW AND ANALYSIS

### A.  Exhaustion of Remedies

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that— (i) extraordinary and compelling reasons warrant such a reduction...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

It is clear from Crandle's own filings that he has failed to comply with the exhaustion requirements under the statute at both the time of his initial filing on April 20, 2020 and his supplemental filing on April 29, 2020; therefore, this motion is not ripe for review. Alternatively,[24] the Court finds that Crandle has failed to set forth extraordinary and compelling reasons to modify his sentence for the reasons below.

---

[24] The Court will alternatively address the substance of the Motion in the event it is later determined that the pandemic presents exigencies which warrant departure from strict adherence to the administrative exhaustion requirements.
Document Number: 60201

**B. Extraordinary and Compelling Reasons**

28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."

The Sentencing Guidelines policy statement appears at § 1B1.13 and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Additionally, in application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). **A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required**. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,

> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.[25]

The Court finds that Crandle has failed to present evidence of extraordinary and compelling reasons to modify his prison sentence. Indeed, he does not meet any of the criteria set forth by the statute. The family circumstances that qualify as grounds for compassionate release are limited to: (1) the "death or incapacitation of the caregiver of the defendant's minor child or minor children" and (2) the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver."[26] Moreover, the Government cites to several cases around the

---

[25] *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)(emphasis added).
[26] *See* U.S.S.G § 1B1.13, p.s., comment. (n.1(C)).

Document Number: 60201

country holding that the need to care for elderly parents is not an "extraordinary" circumstance under the First Step Act.[27]

Crandle has also failed to present evidence demonstrating that he is the only person who could care for his parents or that he would actually be able to care for his parents if released. Crandle has submitted no medical records and no letters or affidavits from family members regarding his parents' condition and the type of care needed. As the Government notes, the Court has before it no information as to why other relatives cannot care for his parents, and his PSR reflects that Crandle has three siblings other than Raynard Crandle, including a sister who was employed at a nursing home.[28] There is likewise no proof before the Court, beyond Crandle's unsupported representation, that he would have employment at Georgia Gulf if released from prison. As the Government states: "Crucially, he has not explained how he will care for his parents while also holding down a job at Georgia Gulf. And, he has not explained how he would protect his parents from COVID-19 given that he would be going to work every day."[29]

---

[27] *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305 (S.D. Ohio July 16, 2019)(" "[w]hile the Court sympathizes with the [inmate's] family's difficult situation and understands that [the inmate's mother's] medical conditions are no doubt serious, family circumstances that constitute 'extraordinary and compelling reasons' simply do not include [the inmate's] mother. Many, if not all inmates, have aging and sick parents."). *See also United States v. Hunter*, No. 3:06-cr-61, 2020 WL 127711 at *3 (S.D. Ohio Jan. 10, 2020) ("While the Court empathizes with Hunter's (and his sister's) difficult position, and understands that his mother's medical condition is no doubt serious, family circumstances that constitute 'extraordinary and compelling reasons' do not include those presented."); *but see United States v. Bucci*, 409 F.Supp.3d 1, *2 (D. Mass. 2019) ("Mr. Bucci's role as the only potential caregiver for his ailing mother is an 'extraordinary and compelling reason' for compassionate release."); *United States v. Walker*, No. 1:11 CR 270, 2019 WL 5268752 (N.D. Ohio Oct. 17, 2019) (compassionate release justified by inmate's "desire to aid his terminally ill mother, both emotionally and financially," among other factors).

[28] Rec. Doc. No. 176, pp. 9-10 (citing PSR at ¶63; *see Goldberg*, 2020 WL 1853298 at *4 ("Even if the policy statement could be stretched in some circumstances to cover a defendant's elderly parents, a critical consideration in this guidance is that no person other than the defendant is available to serve as a caretaker of a minor or incapacitated immediate family member."); *United States v. Nevers*, Crim. No. 16-88, 2019 WL 7281929 at *5 (E.D. La. Dec. 27, 2019) ("in this case, there is no indication Petitioner is the only potential caregiver for her mother. Rather, the PSR indicates Petitioner has multiple other family members who are potential caregivers.)).

[29] *Id.* at 10.

Accordingly, the Court finds that Crandle has failed to demonstrate extraordinary and compelling reasons for his compassionate release under the First Step Act.

Further, in exercising its discretion under the statute, a sentencing court is required to consider the sentencing factors set out in 18 U.S.C. § 3553(a) "to the extent that they are applicable."[30] Thus, an eligible defendant may be denied release based on, *inter alia*, his criminal history and the seriousness of his crimes.[31] The Court finds that the nature and circumstances of Crandle's offenses are extremely serious, and his criminal history is significant. As reflected by his PSR, Crandle's criminal history includes numerous instances of resisting police and at least one instance of abusing his girlfriend. The Court is unpersuaded that a consideration of the Section 3553(a) supports granting Crandle's compassionate release as doing so would not reflect the seriousness of the offenses, promote respect for the law, provide just punishment, or deter others from committing similar crimes.[32]

---

[30] *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (affirming denial of compassionate release despite defendant's eligibility); 18 U.S.C. § 3582(c)(1)(A); U.S.S.G § 1B1.13, p.s.
[31] *Id.* at 693-694.
[32] *See* 18 U.S.C. § 3553(a)(2)(A) & (B).

Document Number: 60201

In conclusion, the Court finds that Crandle has failed to exhaust administrative remedies; therefore, the matter is not ripe and this Court lacks jurisdiction. Alternatively, the Court finds that Crandle has failed to demonstrate extraordinary and compelling reasons for compassionate release, and the Section 3553(a) factors do not support compassionate release. Accordingly, Crandle's *Emergency Motion for Compassionate Release*[33] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on May 6, 2020.

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[33] Rec. Doc. Nos. 171 & 175.
Document Number: 60201